IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONSOLIDATED MANAGEMENT GROUP, LCC, ET AL.,

    Plaintiffs,

v.

PRESTON DuFAUCHARD, ET AL.,

    Defendants.
_____/

No. C 06-04203 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 8, 2006 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively DENIES** Plaintiffs' motion for a preliminary injunction and **tentatively GRANTS** Defendants' motion to dismiss.

The parties shall have 20 minutes to address the following questions:

1. Defendants argue that the proper mechanism for appeal of the decision of the Administrative Law Judge would be to the California Superior Court, which would have jurisdiction to rule on the question of whether the California Department of Corporations' administrative action is preempted by federal law.

    a. Although an option under California Government Code §11523, why is the state court route more appropriate than a federal case? What authority do Defendants have to support the contention that until state appellate remedies are exhausted, plaintiffs are barred from making a federal claim?
    b. Are Plaintiffs now time-barred from filing a state appeal?
    c. Considering the fact that there are no ongoing state court proceedings, is abstention appropriate here?

2. The National Securities Markets Improvement Act of 1996 ("NSMIA") exempts from registration requirements any "transactions by an issuer not involving a public offering." 15 U.S.C. § 77d(2). The scope of the exemption provides that state regulations do not apply to a security that "is a covered security." 15 U.S.C. § 77r(a)(1)(A). A security is a covered security with respect to a transaction that is exempt from registration by virtue of not involving a public offering. 15 U.S.C. § 77r(b)(4)(D). California's Corporations Code tracks the same language and states that any offer or sale of a security with respect to a transaction that is exempt from registration under the Securities Act is not subject to other state registration requirements, provided the issuer submits certain forms and pay a notice filing fee. Cal. Gov't Code § 25102.1(d).

    a. If Plaintiffs' transactions involved a public offering and therefore cannot be considered a covered security, how do Plaintiffs contend that they are exempted from California law? Without Plaintiffs demonstrating that a security offering is exempt (or, at least, pleading those facts), how can the Court reach the issue of preemption?
    b. How does the mere filing of a form (which specifically provides that the issuer has and will continue to comply with the conditions for the exemption) create the presumption of exemption from state law? (*See* McNaul Declaration, Ex. 1, Form D Notice at p. 6, ¶ E.4.) Does Regulation D exemption occur upon filing the form or upon compliance with its terms?
    c. Is the burden of proving exemption from California law on the party claiming such exemption? (*See* California Corporations Code § 25163.)

3. Is the issue of whether Plaintiffs' offerings involved securities res judicata as a result of the Administrative Law Judge's ruling?

4. Plaintiffs argue that they have suffered irreparable harm by being subject to the enforcement of Regulation D restrictions by the state regulatory body instead of the Securities and Exchange Commission. What specific harm was suffered as a result of the Commissioner's scrutiny and requirement that Plaintiffs conform with applicable regulations?

2

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated:  September 7, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE