IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSOLIDATED MANAGEMENT GROUP, LCC, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>PRESTON DuFAUCHARD, et al.,<br><br>    Defendants. | No. C 06-04203 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Now before the Court is Defendants' motion seeking to dismiss this action, *inter alia*, on the grounds of abstention. Having carefully reviewed the parties' papers, considered their arguments and the relevant authority, and good cause appearing, the Court hereby GRANTS Defendants' motion to dismiss.

**BACKGROUND**

According to the complaint filed in this matter, Plaintiff Consolidated Management Group, LLC ("Consolidated"), a Kansas limited liability company acting as managing venturer of partnerships, joint ventures, and other entities involved in the purchase and lease of drilling and heavy-duty equipment utilized in the oil and gas industry, sponsored the offer and sale of interests in two joint ventures. (Complaint at ¶ 8.) For both projects, Consolidated filed with the Securities and Exchange Commission ("SEC") a Form D, Notice of Sale of Securities Pursuant to Regulation D (Rules 501-508), promulgated pursuant to the Securities Act of 1933. (*Id.* at ¶¶ 9, 11.) Following such filings, Consolidated filed and served with the California Corporations Commissioner two copies of the Form D filed with the SEC, two copies of the U-

2 Uniform Consent to Service of Process and the $300.00 notice filing fee as required for both ventures under California Corporations Code § 25102.1(d). (*Id.* at ¶¶ 10, 12.)

Defendants contend that, by offering the securities by mass mailings and holding seminars where the potential investors had no pre-existing relationship with Plaintiffs, the offerings caused the securities to lose the private offering exemption and the Department of Corporations issued an order requiring Plaintiffs to "Desist and Refrain" from marketing the unregistered securities (the "D&R Order"). Once they received the D&R Order, Plaintiffs elected to initiate a state administrative proceeding challenging the order and moved to dismiss the order on the basis that the California Commissioner lacked jurisdiction over Plaintiffs because the joint venture interests offered were not actually securities, and to the extent they could be considered securities, the filing of the Forms D and U-2 and the payment of the requisite fees with the State of California made the sale of the interests automatically exempt from registration requirements of California's securities code. The Administrative Law Judge conducted a two-day hearing in March 2006, in which he determined that the issue of federal preemption could not be decided at the administrative level and determined in addition that Plaintiffs had violated the requirements of the exemption, subjecting them to the requirements of California law. Instead of continuing to pursue their remedies in the state court system by means of a writ, Plaintiffs elected to file the current action in federal court.

**ANALYSIS**

Defendants move to dismiss the complaint on several grounds, including that the Court should abstain from adjudicating this matter pursuant to the *Younger* doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court espoused a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances. *See H.C. v. Koppel,* 203 F.3d 610, 613 (9th Cir. 2000); *Middlesex County Ethics Committee v. Garden*, 457 U.S. 423, 431 (1982). "The policy rests of notions of comity and respect for state functions." *Champion Int'l Corp. v. Brown*, 731 F.2d 1406, 1408 (9th Cir. 1984). These considerations of comity and federalism dictate that "the *normal* thing to do when federal courts are asked to enjoin pending proceedings in state court is not to issue such injunctions." *Ohio*

*Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627 (1986) (quoting *Younger*, 401 U.S. at 45) (emphasis in original). "Abstention is required when: '(i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions.'" *Delta Dental Plan of California, Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998) (internal citations and quotations omitted).

The Court finds that all three prongs of the *Younger* test are satisfied here. First, Plaintiffs initiated the administrative proceedings. The administrative decision was adopted by the Commissioner and declared effective as of July 20, 2006. The state court mechanism for seeking review of the administrative decision is to file a writ of mandate with the appellate division of the state court. *See* Cal. Gov't Code § 11523. According to the uncontradicted representations of Plaintiffs' counsel at the hearing before this Court on the pending motions, Plaintiffs have until September 27, 2006 to file a writ of mandate before the California state court. Therefore, this Court finds that the state proceedings are ongoing.

Next, the Court must determine whether the state court actions implicate important state interests. *See Delta Dental Plan*, 139 F.3d at 1294. The Court finds that the ability of the state's regulatory commission to investigate and possibly regulate issuers of securities who are in violation of federal and state regulation qualifies as an important state interest.

Plaintiffs counter that there is no important state interest implicated here because, they argue, it is readily apparent that the Commissioner and California Department of Corporations were acting beyond their lawful scope of authority in issuing the D&R Order to Plaintiffs for state and federal registration violations. Plaintiffs contend that because the conduct by the state regulatory body was preempted by federal law, the state does not retain an interest in resolution of the ultimate issue of whether Plaintiffs were qualified to sell the subject securities in California. *See Champion Int'l*, 731 F.2d at 1409 (holding that state had no cognizable interest in enforcing laws that are clearly preempted by federal law); *see also Gartrell Constr. Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991) (holding that no significant state interest is served where the state law is preempted by federal law and that preemption is "readily apparent");

3

*Fresh Int'l Corp. v. Agricultural Labor Relations Board*, 805 F.2d 1353, 1361 (9th Cir. 1986) (same).

However, the question whether the California regulatory authorities acted outside the scope of their authority is exactly the unresolved issue in this case. It is not readily apparent from the pleadings submitted in this matter, or the authority offered to the Court, that the state's conduct was explicitly preempted by federal law. Plaintiffs submit authority for the position that securities sold in reliance on the filing of the federal Regulation D notice are exempt from state regulatory authority. *See Lillard v. Stockton,* 267 F. Supp. 2d 1081, 1115 -1116 (N.D. Okla. 2003); *see also Temple v. Gorman*, 201 F. Supp. 2d 1238, 1242-44 (S.D. Fla. 2002). However, Defendants submit authority for the proposition that the issuer, in failing to proffer evidence that it had actually complied with the terms of the federal Regulation D forms, should not be afforded the exemption from state regulation that it would have otherwise been entitled to under the federal regulatory scheme. *See Buist v. Time Domain Corp.*. 926 So.2d 290, 296-98 (Ala. 2005) (distinguishing and disregarding *Lillard* and *Temple* decisions and holding that because securities were sold in Alabama that were not in compliance with federal regulation granting exemption, federal law did not preempt state regulatory authority). Based on the record and the available authority, the Court cannot find that preemption is "readily apparent" on the face of the pleadings. Therefore, the Court finds that the second prong of the *Younger* test has been satisfied.

Finally, the Court must address whether the state proceedings provide an adequate opportunity to raise federal questions. *See Delta Dental Plan*, 139 F.3d at 1294. There is no dispute that the California state courts may address the issues presented in this action, that is, whether the actions by the California Commissioner were preempted by federal law and federal regulatory authority, and if not, whether those actions were proper. Because the Court concludes that the claims Plaintiffs make here could be litigated in the state proceedings, such a forum provides an adequate opportunity to raise federal questions.

4

Accordingly, all three prongs of the *Younger* test have been satisfied. The Court therefore abstains from adjudicating Plaintiffs' claims in this matter and dismisses the complaint.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.[1]

**IT IS SO ORDERED.**

Dated: September 20, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] In light of this Court's dismissal of the action based on the *Younger* doctrine, the Court DENIES Plaintiffs' motion for preliminary injunction as moot. This ruling is without prejudice to Plaintiffs reasserting the same issues before the state court.